UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:

MARVELYS GARCIA and
JOSE MARIO ZELAYA

Case No. 22-15175-LMI

Chapter 7

Debtors.
_____/

**NOTICE OF 2004 EXAMINATION (*DUCES TECUM*) OF
YELEN YELEN & SIMON, P.A. AND ISSUANCE OF SUBPOENA (*DUCES TECUM*)**

[X] *Production:* Pursuant to Federal Rule of Bankruptcy Procedure 2004 and Local Rule 2004-1, Soneet Kapila, the Chapter 7 Trustee (the "Trustee") of the Estate of Marvelys Garcia and Jose Mario Zelaya, by and through undersigned counsel, requests that **YELEN YELEN & SIMON, P.A.**, a Florida law firm, produce the documents, electronically stored information, or objects described on the attached schedule (or if the examination is of a witness other than the debtor, on the attached subpoena), who must permit inspection, copying, testing, or sampling of the materials on **October 25, 2022 at 11:00 a.m., at the Trustee's counsel's address, 20200 W. Dixie Hwy, Suite 905, Miami, FL 33180, or alternatively, via electronic transmission to the undersigned counsel.**

If the examinee receives this notice less than 14 days before the scheduled examination date, the examination will be rescheduled upon timely request to a mutually agreeable time. The scope of the examination will be as described in Bankruptcy Rule 2004. Pursuant to Local Rule 2004-1 no order is necessary. If the examination is of a witness other than the debtor, the Local Form "Subpoena for Rule 2004 Examination" is included with this notice. A copy of the Subpoena is attached hereto as **Exhibit "1"**.

Date: October 6, 2022

**EDELBOIM LIEBERMAN REVAH PLLC**
*Counsel for Trustee*
20200 W. Dixie Highway, Suite 905
Miami, FL 33180
Telephone: (305) 768-9909
Facsimile: (305) 928-1114
Email: brett@elrolaw.com
Email: edan@elrolaw.com

By: */s/ Brett Lieberman*
Brett Lieberman (FBN 69583)
Edan Weiner (FBN 1019408)

LF-14 (rev. 12/01/21)

## CERTIFICATE OF SERVICE

     I HEREBY certify that a true and correct copy of the foregoing was furnished on October 6, 2022 via notice of electronic mail through the Court's CM/ECF system to those parties registered to receive electronic notices of filing and via U.S. Mail to the parties referenced below.

By: */s/ Brett Lieberman*
Brett Lieberman

**Via U.S. Mail, Return Receipt Requested**

YELEN YELEN & SIMON, P.A.
Jan A. Yelen
1104 Ponce De Leon Blvd.
Coral Gables, FL 33134

# EXHIBIT "1"

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:

MARVELYS GARCIA and                              Case No. 22-15175-LMI
JOSE MARIO ZELAYA
                                                 Chapter 7
           Debtors.
_____/

### SUBPOENA FOR RULE 2004 EXAMINATION DUCES TECUM

**To:    YELEN YELEN & SIMON, P.A.; Address: 1104 Ponce de Leon Blvd., Coral Gables, FL 33134**

*(Name of person to whom the subpoena is directed)*

☐ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure and Local Rule 2004-1.

| PLACE | DATE AND TIME |
|---|---|
| No examination is sought in connection with this request. | |

The examination will be recorded by this method: _____

☒ *Production:* **YOU ARE COMMANDED** to produce the following documents listed on **Exhibit A**, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material at the time, date, and place set forth below (if different from that of the examination):

| PLACE: | DATE AND TIME: |
|---|---|
| **20200 W. Dixie Hwy., Suite 905, Miami, Florida 33180; or Alternatively, Via Electronic Transmission to Undersigned Counsel.** | **October 25, 2022 at 11:00 a.m.** |

    The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: October 6, 2022

                CLERK OF COURT
                                                              OR
    _____                   By: */s/ Brett Lieberman*
    *Signature of Clerk or Deputy Clerk*                     *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing the Trustee, Soneet Kapila who issues or requests this subpoena, are:

LF-84 (rev. 12/01/21)

**EDELBOIM LIEBERMAN REVAH PLLC**
*Counsel for Trustee*
20200 W. Dixie Highway, Suite 905
Miami, FL 33180
Telephone: (305) 768-9909
Facsimile: (305) 928-1114
Email: brett@elrolaw.com
Brett Lieberman (FBN 69583)
Email: edan@elrolaw.com
Edan Weiner (FBN1019408)

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

LF-84 (rev. 12/01/21)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
# (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

. . .

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

---

LF-84 (rev. 12/01/21)

**EXHIBIT A**
**In re: Marvelys Garcia and Jose Mario Zelaya, in the United States Bankruptcy Court, Southern District of Florida, Miami Division, Case No. 22-15175-LMI**

**I.      Instructions.**

For the purposes of responding to each of the document requests set forth below, the following definitions and instructions should be applied:

A.      Time Period: Unless otherwise stated herein, the time period encompassed by this request is from January 1, 2021 up to and including the date of your response and production of documents responsive to these requests.

B.      Duty to Supplement: This document request is continuing in nature and when new knowledge or information comes to the attention of Examinee Yelen Yelen & Simon, P.A., the information supplied in the answers to the document request shall be supplemented forthwith.

C.      Scope of Requests: For each and every request herein, you shall produce documents in your possession, custody, or control within the meaning of Rule 2004 of the Federal Rules of Bankruptcy Procedure, regardless of whether such documents or materials are possessed directly by you or your professionals, attorneys, advisors, or any person or entity acting on your behalf.

D.      Claim of Privilege: With respect to any document that the Examinee withholds under claim of privilege, the Examinee shall identify the nature of the privilege or doctrine claimed, and shall number such documents, hold them separately, and retain them intact pending ruling by the Court on the claimed privilege.

**II.     Definitions.**

A.      "Petition Date" shall mean the date this bankruptcy case was commenced, July 5, 2022.

B.      "J. Zelaya" shall refer to one of the joint debtors in this bankruptcy case, namely Jose Mario Zelaya, and one of the sellers of the Subject Property to buyer, D. Cabrera, and includes his agents, representatives, associates, attorneys, or anyone acting on behalf or under control of Jose Mario Zelaya.

C.      "Garcia" shall refer to one of the joint debtors in this bankruptcy case, namely Marvelys Garcia.

D.      "You" or "Your" shall refer to Yelen Yelen & Simon, P.A., and all employees, representatives, agents, attorneys, associates, predecessors, successors, assigns, affiliates, subsidiaries, or entities acting on its behalf or under control of Yelen Yelen & Simon, P.A.

  E. "Subject Property" shall mean the real property located at 601 SW 39th Avenue, Miami, FL 33134.

  F. "Z. Cruz" shall refer to Zoraida A. Cruz, one of the sellers of the Subject Property to D. Cabrera, and includes her agents, representatives, associates, attorneys, or anyone acting on behalf or under control of Zoraida A. Cruz.

  G. "Y. Cruz" shall refer to Yadira Garcia Cruz, one of the sellers of the Subject Property to D. Cabrera, and includes her agents, representatives, associates, attorneys, or anyone acting on behalf or under control of Yadira Garcia Cruz.

  H. "D. Cabrera" shall refer to Daniel Cabrera c/o Sunflower Real Estate Investments II, Inc., the purchaser of the Subject Property from sellers, J. Zelaya, Z. Cruz, and Y. Cruz, and includes his agents, representatives, associates, attorneys, or anyone or any entity acting on behalf or under control of D. Cabrera, including without limitation, Sunflower Real Estate Investments, II, Inc.

  I. "Communication" or "Communications" include every manner of transmitting or receiving facts, information, opinions or thoughts (including but not limited to: visually; orally; in writing; by digital, analog, electronic, magnetic, telephonic, or other mechanical means; or otherwise), including, without limitation, oral conversations, telephone calls, written correspondence, memoranda or notes, facsimiles, emails, or any other method by which information is transmitted.

  J. "Document(s) means information in all stored or communication forms. With respect to ESI, "Document" shall be expressly deemed to include such items in their native electronic form unless expressly stated otherwise. The meaning of "Document(s) shall be construed as broadly as permitted by the Federal Rules of Civil Procedure.

  K. The terms "reflecting," "concerning," "evidencing," "relating to," "pertaining to," and "regarding" shall mean anything which directly, or indirectly, concerns, consists of, pertains to, reflects, evidences, describes, set forth, constitutes, contains, shows, underlies, supports, refers to in any manner, or is legally, logically, or factually connected with the matter discussed.

[*Remainder of Page Intentionally Left Blank*]

**III.     Documents Requested.**

1. All closing documents relating to the purchase and sale of the Subject Property from J. Zelaya, Z. Cruz, and Y. Cruz to D. Cabrera c/o Sunflower Real Estate Investments II, Inc., including without limitation, closing disclosures, deed, bill of sale, sellers' affidavit, abstract of title, and tax declarations.

2. All documents and non-privileged communications relating to and evidencing the disposition and disbursement of the sale proceeds for the purchase and sale of the Subject Property from J. Zelaya, Z. Cruz, and Y. Cruz to D. Cabrera c/o Sunflower Real Estate Investments II, Inc.

***