UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:                                                                          Case No.: 22-15175-LMI
                                                                                Chapter 7
MARVELYS GARCIA AND
JOSE MARIO ZELAYA,

       Debtor.
_____/

## MOTION TO APPROVE STIPULATION TO COMPROMISE CONTROVERSY

> **ANY INTERESTED PARTY WHO FAILS TO FILE AND SERVE A WRITTEN RESPONSE TO THIS MOTION WITHIN TWENTY ONE (21) DAYS AFTER THE DATE OF SERVICE STATED IN THIS MOTION SHALL, PURSUANT TO LOCAL RULE 9013-1(D), BE DEEMED TO HAVE CONSENTED TO THE ENTRY OF AN ORDER IN THE FORM ATTACHED TO THIS MOTION. ANY SCHEDULED HEARING MAY THEN BE CANCELED.**

Soneet R. Kapila, Trustee in Bankruptcy for Marvelys Garcia and Jose Mario Zelaya, ("Trustee") by an through undersigned counsel, hereby files this Motion to Approve Stipulation to Compromise Controversy and states:

1. This voluntary Chapter 7 proceeding was filed on July 5, 2022. Soneet R. Kapila has been appointed as the Chapter 7 Trustee.

2. The Debtors §341 First Meeting of Creditors was held and concluded on August 9, 2022. (ECF#12)

3. Pursuant to the Debtors' Schedules, the Debtors' list on their Schedule B, 3.1 a 2011 Chevrolet Express motor vehicle ("Vehicle") which they have valued at $6,250.00. The

Vehicle is owned by only one of the Debtors. The Trustee objected to such claim of exemption. There is also a transfer of $3,200.00 that occurred on or around May 12, 2022 to Enrique Rodriguez that the Trustee contends would be an avoidable preferential transfer pursuant to 11 U.S.C. §547.

4. The Trustee and the Debtors' counsel have been in negotiations to settle the objection to claimed exemption and avoidance action outlined above.

5. The Parties have reached a proposed resolution of the aforementioned issues as set forth below.

6. The parties have reached a settlement in regard to the Trustee's Objection to Claimed Exemptions and Application for Turnover [ECF No. 51] ("Objection to Claimed Exemptions") and potential preferential transfer avoidance action against Enrique Rodriguez such that the Debtors shall pay to the Trustee the sum of five thousand ($5,000.00) dollars as follows:

> $2,000.00 shall be paid on or before March 1, 2023;
> $500.00 shall be paid on or before the 1st day of April, 2023 and
> each and every 1st of the month until the remaining balance of
> $5,000.00 is paid in full

7. Any check shall be made payable to Soneet R. Kapila, Trustee in Bankruptcy for Marvelys Garcia and Jose Mario Zelaya and shall be delivered to the Trustee at P. O. Box 14213, Ft. Lauderdale, FL 33302.

8. In the event the Debtors fail to comply with the terms of this agreement, or any check does not clear the proper financial institution, the Trustee would be able to pursue any and all claims and causes of action settled pursuant to the stipulation, such as the avoidance action against Enrique Rodriguez, including being entitled to an order sustaining the Trustee's

53410653v1

Objection to Exemptions and requiring turnover of the subject 2011 Chevrolet Express motor vehicle to be administered by the Trustee.

9. The Trustee does believe that this settlement is reasonable and in the best interest of creditors and the estate.

10. This stipulation and motion are being noticed to all creditors pursuant to Federal Rule of Bankruptcy Procedure 9019.

11. The legal principles to be applied in evaluating a proposed settlement have been enunciated upon within the Southern District of Florida in *In re Arrow Air, Inc.*, **85 B.R. 886(Bkrtcy.S.D.Fla. 1988)**. The appropriate test is "whether the compromise falls below the lowest point in the range of reasonableness". **Id. at 891**, **citing**, *In re Teltronics Services, Inc.*, **762 F.2d 185, 189(2nd Cir. 1985)**; *In re W.T. Grant Company*, **699 F.2d 599, 608(2nd Cir. 1983)**. The Trustee believes that this settlement agreement complies with the legal principles relied upon within these authorities.

13. The Eleventh Circuit provides that when a bankruptcy court decides whether to approve or disapprove a settlement, it must consider:

    1. the probability of success in the litigation;

    2. the difficulties, if any, to be encountered in the matter of collection;

    3. the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and

    4. the paramount interest of the creditors and a proper deference to their reasonable view in the premises.

*In re Justice Oaks II, Ltd*, 898 F.2d 1544 (11th Cir. 1990).

12. The Trustee has evaluated the settlement while considering all of the factors required by the Eleventh Circuit and supports its approval by the Court as being in compliance

53410653v1

with the factors, and being within the best interest of creditors and the estate.

**WHEREFORE**, the Trustee, Soneet R. Kapila, Trustee in Bankruptcy for Marvelys Garcia and Jose Mario Zelaya, by and through undersigned counsel, respectfully requests that the Court enter an order in the form accompanying this motion approving stipulation to compromise controversy, plus grant such other and further relief as the Court deems just and proper.

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

**I HEREBY CERTIFY** that on February 28, 2023, I electronically filed the foregoing Stipulation for Settlement with the Clerk of Court using CM/ECF and that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List, either via transmission of Notices of Electronic Filing generated by CM/ECF, or by first class U.S. mail on those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing as indicated below.

                                                  **GREENSPOON MARDER LLP**

                                          /s/ *Michael R.. Bakst*
                                          MICHAEL R. BAKST, ESQ.
                                          Florida Bar No. 866377
                                          Attorney for Trustee
                                          CityPlace Tower
                                          525 Okeechobee Blvd., Suite 900
                                          West Palm Beach, FL 33401
                                          T: (561) 838-4523    F:    (561) 514-3423
                                          Email: michael.bakst@gmlaw.com

53410653v1

**Mail Notice List**

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- **Michael R. Bakst**     efileu1094@gmlaw.com, ecf.alert+bakst@titlexi.com;efileu1092@gmlaw.com;efileu2170@gmlaw.com;efileu386@gmlaw.com;Melissa.bird@gmlaw.com;efileu2831@gmlaw.com;efileu3214@gmlaw.com

- **Ricardo Corona**     bk@coronapa.com, rcorona@coronapa.com

- **Soneet Kapila**     trustee@kapilaco.com, ecf.alert+Kapila@titlexi.com

- **Jennifer Laufgas**     ecfflsb@aldridgepite.com, jlaufgas@ecf.courtdrive.com

- **Brett D Lieberman**     brett@elrolaw.com, eservice@elrolaw.com;tisha@elrolaw.com;edan@elrolaw.com

- **Office of the US Trustee**     USTPRegion21.MM.ECF@usdoj.gov

**Manual Notice List**

The following is the list of **parties** who are **not** on the list to receive email notice/service for this case (who therefore require manual noticing/service).

**Synchrony Bank**
PRA Receivables Management, LLC
PO Box 41021
Norfolk, VA 23541

**Marvelys Garcia**
**Jose Mario Zelaya**
10050 SW 4th Street
Miami, FL   33174

All creditors and interested parties on the Court matrix attached hereto

29684-0054 emb

53410653v1

| | | |
|---|---|---|
| Label Matrix for local noticing<br>113C-1<br>Case 22-15175-LMI<br>Southern District of Florida<br>Miami<br>Tue Feb 28 10:35:47 EST 2023 | Synchrony Bank<br>PRA Receivables Management, LLC<br>PO Box 41021<br>Norfolk, VA 23541-1021 | Affirm, Inc.<br>Attn: Bankruptcy<br>30 Isabella St, Floor 4<br>Pittsburgh, PA 15212-5862 |
| American Express<br>115 W Towne Ridge Parkway<br>Sandy, UT 84070-5511 | Amex/Bankruptcy<br>Correspondence/Bankruptcy<br>Po Box 981540<br>El Paso, TX 79998-1540 | Bank of America<br>Attn: Bankruptcy<br>4909 Savarese Circle<br>Tampa, FL 33634-2413 |
| Bank of America<br>Attn: Bankruptcy<br>Nc4-105-03-14 Po Box 26012<br>Greensboro, NC 27420 | Bank of America, N.A.<br>PO Box 673033<br>Dallas, TX 75267-3033 | Barclays Bank Delaware<br>Attn: Bankruptcy<br>Po Box 8801<br>Wilmington, DE 19899-8801 |
| CREDIT FIRST NA<br>PO BOX 818011<br>CLEVELAND, OH 44181-8011 | Capital One<br>Attn: Bankruptcy<br>P.O. Box 30285<br>Salt Lake City, UT 84130-0285 | Cavalry SPV I, LLC<br>PO Box 4252<br>Greenwich, CT 06831-0405 |
| Ccb/interval<br>Po Box 182120<br>Columbus, OH 43218-2120 | (p)JPMORGAN CHASE BANK  N A<br>BANKRUPTCY MAIL INTAKE TEAM<br>700 KANSAS LANE FLOOR 01<br>MONROE LA 71203-4774 | Citibank<br>Attn: Bankruptcy<br>P.O. Box 790034<br>St Louis, MO 63179-0034 |
| Citibank North America<br>Citibank SD MC 425<br>5800 South Corp Place<br>Sioux Falls, SD 57108 | Citibank, N.A.<br>5800 S Corporate Pl<br>Sioux Falls, SD  57108-5027 | Citibank, N.A.<br>c/o Quantum3 Group LLC<br>PO Box 280<br>Kirkland, WA  98083-0280 |
| Citibank/The Home Depot<br>Citicorp Credit Srvs/Centralized Bk dept<br>Po Box 790034<br>St Louis, MO 63179-0034 | Citicard<br>General Correspondence<br>Po Box 6500<br>Sioux Falls, SD 57117-6500 | (p)CITIBANK<br>PO BOX 790034<br>ST LOUIS MO 63179-0034 |
| (p)CITIZENS BANK N A<br>ATTN BANKRUPTCY TEAM<br>ONE CITIZENS BANK WAY<br>JCA115<br>JOHNSTON RI 02919-1922 | Citizens State Bank/fl<br>P O Box 143060<br>Gainesville, FL 32614-3060 | Comenity Bank/El Dorado Furniture<br>Attn: Bankruptcy<br>Po Box 182125<br>Columbus, OH 43218-2125 |
| Comenity Bank/Victoria Secret<br>Attn: Bankruptcy<br>Po Box 182125<br>Columbus, OH 43218-2125 | Comenitycapital/intrvl<br>Po Box 182120<br>Columbus, OH 43218-2120 | Comenitycb/el Dorado<br>Attn: Bankruptcy Dept<br>Po Box 182125<br>Columbus, OH 43218-2125 |
| Costco Anywhere Visa Card<br>Attn: Bankruptcy<br>Po Box 6500<br>Sioux Falls, SD 57117-6500 | Credit First National Association<br>Attn: Bankruptcy<br>Po Box 81315<br>Cleveland, OH 44181-0315 | David M. Greenbaum, Esq.<br>120 Corporate Blvd,<br>Norfolk, VA 23502-4952 |

| | | |
|---|---|---|
| Fortiva<br>Attn: Bankruptcy<br>Po Box 105555<br>Atlanta, GA 30348-5555 | JPMorgan Chase Bank, N.A.<br>s/b/m/t Chase Bank USA, N.A.<br>c/o National Bankruptcy Services, LLC<br>P.O. Box 9013<br>Addison, Texas 75001-9013 | Lendclub Bnk<br>Attn: Bankruptcy<br>595 Market Street, Suite 200<br>San Francisco, CA 94105-2802 |
| LendingClub Bank, NA<br>PO BOX 1931<br>Burlingame, CA 94011-1931 | (p)DSNB MACY S<br>CITIBANK<br>1000 TECHNOLOGY DRIVE MS 777<br>O FALLON MO 63368-2222 | Midland Credit Management, Inc.<br>PO Box 2037<br>Warren, MI 48090-2037 |
| NTB/Citibank<br>Citi Corp Credit Services Centralized Ba<br>Po Box 20507<br>Kansas City, MO 64195-0507 | Office of the US Trustee<br>51 S.W. 1st Ave.<br>Suite 1204<br>Miami, FL 33130-1614 | (p)PORTFOLIO RECOVERY ASSOCIATES LLC<br>PO BOX 41067<br>NORFOLK VA 23541-1067 |
| Quantum3 Group LLC as agent for<br>MOMA Trust LLC<br>PO Box 788<br>Kirkland, WA  98083-0788 | Syncb/Rooms To Go<br>Attn: Bankruptcy<br>Po Box 965060<br>Orlando, FL 32896-5060 | Synchrony Bank<br>Attn: Bankruptcy<br>Po Box 965060<br>Orlando, FL 32896-5060 |
| Synchrony Bank<br>Attn: Bnakruptcy<br>Po Box 965060<br>Orlando, FL 32896-5060 | Synchrony Bank/Amazon<br>Attn: Bankruptcy<br>Po Box 965060<br>Orlando, FL 32896-5060 | Synchrony Bank/BRMart<br>Attn: Bankruptcy<br>Po Box 965060<br>Orlando, FL 32896-5060 |
| Synchrony Bank/BrandsMart<br>Attn: Bankruptcy<br>Po Box 965060<br>Orlando, FL 32896-5060 | Synchrony Bank/Care Credit<br>Attn:  Bankruptcy Dept<br>Po Box 965064<br>Orlando, FL 32896-5064 | Td Auto Finance<br>Attn: Bankruptcy<br>Po Box 9223<br>Farmington Hills, MI 48333-9223 |
| The Bank of Missouri dba Fortiva<br>PO Box 105555<br>Atlanta, GA 30348-5555 | US Small Business Adminstration<br>801 Tom Martin Drive, Suite 120<br>Birmingham, AL 35211-6424 | Wells Fargo Bank NA<br>1 Home Campus Mac X2303-01a<br>3rd Floor<br>Des Moines, IA 50328-0001 |
| Wells Fargo Bank NA<br>Attn: Bankruptcy<br>1 Home Campus Mac X2303-01a<br>Des Moines, IA 50328-0001 | Wells Fargo Bank, N.A.<br>Wells Fargo Card Services<br>PO Box 10438, MAC F8235-02F<br>Des Moines, IA 50306-0438 | Wells Fargo Hm Mortgag<br>Po Box 10335<br>Des Moines, IA 50306-0335 |
| World Omni Financial Corp.<br>Attn: Bankruptcy<br>Po Box 991817<br>Mobile, AL 36691-8817 | Jose Mario Zelaya<br>10050 SW 4th Street<br>Miami, FL 33174-1804 | Marvelys Garcia<br>10050 SW 4th Street<br>Miami, FL 33174-1804 |
| Ricardo Corona Esq.<br>Corona Law Firm PA<br>6700 SW 38 Street<br>Miami, FL 33155-3727 | Soneet Kapila<br>www.kapilatrustee.com<br>PO Box 14213<br>Ft Lauderdale, FL 33302-4213 | |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | | |
|---|---|---|
| Chase Auto Finance<br>Attn: Bankruptcy<br>Po Box 901076<br>Fort Worth, TX 76101 | (d)Chase Card Services<br>Attn: Bankruptcy<br>P.O. 15298<br>Wilmington, DE 19850 | Citicorp<br>Citicorp/ Attn: Centralized Bankruptcy<br>Po Box 20507<br>Kansas City, MO 64195 |
| Citizens Bank<br>Attention: ROP-15B<br>1 Citizens Drive<br>Riverside, RI 02940 | Macys/fdsb<br>Attn: Bankruptcy<br>9111 Duke Boulevard<br>Mason, OH 45040 | Portfolio Recovery Associates, LLC<br>POB 41067<br>Norfolk, VA 23541 |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| | | |
|---|---|---|
| (u)Wells Fargo Bank, N.A. | (u)Miami | End of Label Matrix<br>Mailable recipients    58<br>Bypassed recipients     2<br>Total                  60 |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:  Case No.: 22-15175-LMI
 Chapter 7
MARVELYS GARCIA AND
JOSE MARIO ZELAYA,

     Debtor.
_____/

## STIPULATION FOR SETTLEMENT

This Settlement Agreement is entered into on the date set forth below between the Trustee, Soneet R. Kapila, Trustee in Bankruptcy for Marvelys Garcia and Jose Mario Zelaya, (hereinafter referred to as "Trustee"), the Debtors, Marvelys Garcia and Jose Mario Zelaya ("Debtors") (the Trustee and the Debtors shall hereinafter referred to as the "Parties").

**WHEREAS**, in order to settle a pending objection to claim exemptions specified below and a potential preferential transfer avoidance action against Enrique Rodriguez for $3,200.00, the parties have entered into this Stipulation.

## RECITALS

1. This case was filed as a voluntary Chapter 7 proceeding on July 5, 2022. Soneet R. Kapila has been appointed as the Chapter 7 Trustee.

2. The Debtors §341 First Meeting of Creditors was held and concluded on August 9, 2022. (ECF#12)

3. Pursuant to the Debtors' Schedules, the Debtors' list on their Schedule B, 3.1 a 2011 Chevrolet Express motor vehicle ("Vehicle") which they have valued at $6,250.00. The Vehicle is owned by only one of the Debtors. The Trustee objected to such claim of exemption. There is also a

53384080v1

transfer of $3,200.00 that occurred on or around May 12, 2022 to Enrique Rodriguez that the Trustee contends would be an avoidable preferential transfer pursuant to 11 U.S.C. §547.

4. The Trustee and the Debtors' counsel have been in negotiations to settle the objection to claimed exemption and avoidance action outlined above.

5. The Parties have reached a proposed resolution of the aforementioned issues as set forth below.

**NOW, THEREFORE**, in light of the foregoing, and in consideration of the mutual promises and covenants of the parties contained herein, as well as other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties agree as follows:

6. The above recitals are true and correct.

7. The parties have reached a settlement in regard to the Trustee's Objection to Claimed Exemptions and Application for Turnover [ECF No. 51] ("Objection to Claimed Exemptions") and potential preferential transfer avoidance action against Enrique Rodriguez such that the Debtors shall pay to the Trustee the sum of five thousand ($5,000.00) dollars as follows:

> $2,000.00 shall be paid on or before March 1, 2023;
> $500.00 shall be paid on or before the 1st day of April, 2023 and
> each and every 1st of the month until the remaining balance of
> $5,000.00 is paid in full

8. Any check shall be made payable to Soneet R. Kapila, Trustee in Bankruptcy for Marvelys Garcia and Jose Mario Zelaya and shall be delivered to the Trustee at P. O. Box 14213, Ft. Lauderdale, FL   33302.

9. In the event the Debtors fail to comply with the terms of this agreement, or any check does not clear the proper financial institution, the Trustee would be able to pursue any and all claims and causes of action settled pursuant to the stipulation, such as the avoidance action against Enrique Rodriguez, including being entitled to an order sustaining the Trustee's Objection to Exemptions and

53384080v1

requiring turnover of the subject 2011 Chevrolet Express motor vehicle to be administered by the Trustee. .

10. The Parties are aware that this settlement must be noticed to all creditors and must be approved by the Bankruptcy Court. In the event that it is not approved, this agreement shall be deemed null and void. Upon the Court approving this settlement, the Court shall enter an order approving the settlement. The Court shall be entitled to reserve jurisdiction to enforce the terms and covenants contained within this stipulation. The execution of this stipulation cancels the evidentiary hearing scheduled for April 12, 2023.

## NO OTHER AGREEMENTS; MODIFICATION

11. This agreement contains the entire understanding and agreement of the Parties, and there are no prior or contemporaneous promises, representations, agreements, warranties, or undertakings by either party to the other, either oral or written of any character or nature, except as set forth in this agreement. This agreement may be altered, amended, or modified only by an instrument in writing, executed and acknowledged by the parties to this agreement, with the same formality as this agreement, and by no other means. Each party waives any right to claim that this agreement was modified, canceled, superseded, or changed by an oral agreement, course of conduct, or estoppel.

## APPLICABLE LAW

12. All matters affecting the execution, interpretation, validity, and enforceability of this agreement shall be subject to, and interpreted under, Federal Bankruptcy Law, as well as the laws of the State of Florida to whatever extent Bankruptcy Law relies upon state law.

## NO PRESUMPTIONS ARISING FROM DRAFTING

13. The fact that any draft of this agreement was prepared by counsel for one of the Parties shall create no presumptions, and, specifically, shall not cause any ambiguities to be construed against that party. The Parties acknowledge that each has contributed toward the drafting of this

53384080v1

agreement, and that this agreement is the result of negotiations between the Parties.

## WAIVERS

14. The failure of either party at any time to require the performance of the other of any of the terms, provisions, or conditions hereof shall in no way affect the right thereafter to enforce the same, nor shall the waiver by either party of the breach of any of the terms, provisions, and conditions hereof, be construed or be deemed a waiver of any succeeding breach of any term, provision, or condition hereof.

## ADDITIONAL ACKNOWLEDGMENTS AND UNDERSTANDINGS

15. The Parties acknowledge that each fully understands all of the terms and obligations of this agreement, and each believes the same to be fair, just, equitable, reasonable, fully acceptable, and not unconscionable.

16. The Parties enter into this agreement freely and voluntarily. Neither party has been the subject of any duress, undue influence, fraud, or coercion in entering into this agreement.

17. The Parties to this agreement acknowledge that they have had the benefit and assistance of the representation of their own separate and independent attorneys to advise them of their rights and obligations under this agreement, and they are also aware of what their rights would be in the absence of this agreement.

18. This agreement shall be binding upon the parties hereto and shall also be binding upon and enure to the benefit of the heirs and successors of the respective parties.

19. This settlement agreement may be executed in two or more counterparts, including emailed or facsimile counterparts, none of which need contain signatures of all of the Parties hereto, each of which will constitute an original, and all of which, taken together, shall constitute one and the same agreement.

20. The date of this agreement is the date on which the last of the parties executes a copy

53384080v1

of the agreement.

## CAPTIONS

21. The captions of the various paragraphs in this agreement are for convenience only, and none of them is intended to be any part of the text of this agreement, or intended to be referred to in construing any provision of it.

## INCORPORATION OF RECITALS

22. The recitals to this agreement are incorporated into this agreement and accepted and agreed to by all parties as though fully set forth in the body of this agreement. The fact that a particular provision of the body of this agreement is not mentioned in the recitals shall not affect the validity or enforceability of such provision. The facts stated in the recitals shall conclusively be presumed to be true for all purposes between the Parties and any other party bound by this agreement.

## NOTICES

23. Any notices required by this agreement must be given either in writing by U.S. Mail, certified/return receipt requested, express mail service, or facsimile to the parties as follows:

To the Trustee: c/o
Michael R. Bakst, Esq.
525 Okeechobee Blvd., Suite 900
West Palm Beach, FL 33401
T: (561) 838-4523    F:    (561) 514-3423
Email: michael.bakst@gmlaw.com

To Debtors: c/o
America Alvarez, Esq.
6700 SW 38 Street
Miami, FL 33155
305-547-1234
Email: aalvarez@coronapa.com

24. The parties agree to the Bankruptcy Court retaining jurisdiction over them and over the cause for the purpose of enforcing, approving, and ratifying this agreement.

53384080v1

the cause for the purpose of enforcing, approving, and ratifying this agreement.

25.  Facsimile signatures or emailed signatures in pdf format shall be acceptable for filing with the Court and for purposes of enforcing, approving and ratifying this agreement.

IN WITNESS WHEREOF, the parties hereto have set their hands and seals to this settlement agreement on the date specified below.

GREENSPOON MARDER LLP

_____
MICHAEL R. BAKST, ESQ.
Florida Bar No.: 866377
Attorneys for the Trustee
CityPlace Tower
525 Okeechobee Blvd., Suite 900
West Palm Beach, FL 33401
T:  (561) 838-4523
Dated: 2/28/23

SONEET R. KAPILA, CHAPTER 7 TRUSTEE

_____
SONEET R. KAPILA
P. O. Box 14213
Ft. Lauderdale, FL  33302
Dated: 2/28/23

_____
MARVELYS GARCIA
Dated: 2/27/2023

CORONA LAW FIRM PA

_____
AMERICA ALVAREZ, ESQ.
Florida Bar No. 0716080
CORONA LAW FIRM, P.A.
Attorneys for Debtors
6700 S.W. 38th Street
Miami, FL 33155
T: (305)547-1234

Dated: 2/27/2023

_____
JOSE MARIO ZELAYA
Dated: 2/27/2023

29684.0054 emb

5338408Ov1

**PROPOSED**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
**www.flsb.uscourts.gov**

| | |
|---|---|
| In re: | Case No.: 22-15175-LMI |
| | Chapter 7 |
| **MARVELYS GARCIA AND** | |
| **JOSE MARIO ZELAYA,** | |
|    Debtor. | |
| _____/ | |

**ORDER APPROVING STIPULATION TO**
**COMPROMISE CONTROVERSY AND CANCELLING**
**EVIDENTIARY HEARING SCHEDULED FOR APRIL 12, 2023 AT 2:00 P.M.**

THIS MATTER came before the Court in Miami, Florida, upon the Trustee's Motion to Approve Stipulation to Compromise Controversy, [ECF#  ] (the "Motion"). The movant, by submitting this form of order has represented that the Motion was served on all parties required by Bankruptcy Rule 2002 or Local Rule 2002-1(H), (I) or (J), that the 21 day response time provided by Local Rule 9013-1(D) has expired, that no one has filed, or served on

the movant, a response to the Motion, and that the form of order was attached as an exhibit to the Motion. With the Court finding that the settlement that is the subject of the Motion, (the "Stipulation to Compromise Controversy" or the "Agreement") is in the best interest of creditors and the estate, meets the factors set forth in <u>In re Justice Oaks II, Ltd</u>, 898 F.2d 1544 (11th Cir. 1990), and falls above the lowest point in the range of reasonableness as contemplated by applicable case law from this district. *See, e.g.,* <u>In re Arrow Air, Inc.</u>, 85 B.R. 886 (Bankr. S.D. Fla. 1988). Further, the Court finds that all creditors have been duly and properly noticed, and with the Court being otherwise fully advised in the premises hereby,

**ORDERS AND ADJUDGES** as follows:

1. The Motion is **GRANTED**.

2. The Stipulation to Compromise Controversy attached to the Motion is **APPROVED** in its entirety, and its terms are incorporated by reference herein.

3. The Court hereby approves the Stipulation to Compromise Controversy between the Trustee, Soneet R. Kapila, Trustee in Bankruptcy for Marvelys Garcia and Jose Mario Zelaya, (the "Trustee") and Marvelys Garcia and Jose Mario Zelaya, (the "Debtors") in regard to the Trustee's Objection to Claimed Exemptions and Application for Turnover [ECF No. 51] ("Objection to Claimed Exemptions") and potential preferential transfer avoidance action against Enrique Rodriguez such that the Debtors shall pay to the Trustee the sum of five thousand ($5,000.00) dollars as follows:

> $2,000.00 shall be paid on or before March 1, 2023;
> $500.00 shall be paid on or before the 1st day of April, 2023 and
> each and every 1st of the month until the remaining balance of
> $5,000.00 is paid in full

4. Any check shall be made payable to Soneet R. Kapila, Trustee in Bankruptcy for

Marvelys Garcia and Jose Mario Zelaya and shall be delivered to the Trustee at P. O. Box 14213, Ft. Lauderdale, FL 33302.

5. In the event the Debtors fail to comply with the terms of this agreement, or any check does not clear the proper financial institution, the Trustee would be able to pursue any and all claims and causes of action settled pursuant to the stipulation, such as the avoidance action against Enrique Rodriguez, including being entitled to an order sustaining the Trustee's Objection to Exemptions and requiring turnover of the subject 2011 Chevrolet Express motor vehicle to be administered by the Trustee.

6. The settlement payment is inclusive of attorney's fees, costs, and interest. The Debtors shall not be entitled to any claim in the estate for any reason, including based upon payment of the settlement amount.

7. The Evidentiary Hearing [ECF No. 61] scheduled for April 12, 2023 at 2:00 p.m. is hereby cancelled.

8. The Court reserves jurisdiction to enforce the terms of this order and stipulation.

###

Submitted by:
Michael R. Bakst, Esq.
525 Okeechobee Blvd., Suite 900
West Palm Beach FL 33401
Telephone: (561) 838-4523
Facsimile:  (561) 514-3423

**[Michael R. Bakst, Esq. is directed to serve copies of this order on the parties listed and file a certificate of service]**